UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NICHOLAS MARTONE, WAYNE MASKIELL,
MICHAEL DRAGONE, PETER MUSCHTER,
THOMAS MILLER and CHARLES LAMANTIA, as
Trustees of the UNITED UNION OF ROOFERS,
WATERPROOFERS AND ALLIED WORKERS LOCAL
154 WELFARE, PENSION, ANNUITY and
APPRENTICESHIP AND TRAINING FUNDS,

                                                    Plaintiffs,

                        -against-

INTERSTATE ROOFING SERVICES, INC.,

                                                    Defendant.

05 CIV.

COMPLAINT

FILED
IN CLERK'S OFFICE
US DISTRICT COURT
SEP 2 ... 2005
BROOKLYN OFFICE

KORMAN, CH

POLLAK, M.J

Plaintiffs, by their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, allege as follows:

## THE PARTIES

1.    Plaintiffs Nicholas Martone, Wayne Maskiell, Michael Dragone, Peter Muschter, Thomas Miller and Charles LaMantia are the employer and employee representatives and the trustees (hereinafter the "Trustees") of the United Union of Roofers, Waterproofers and Allied Workers Local 154 Welfare, Pension, Annuity and Apprenticeship and Training Funds (the "Benefit Funds").  The Benefit Funds are multi-employer employee benefit trust funds, organized and operated in accordance with the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").  The Benefit Funds maintain their principal place of business at 370 Vanderbilt Motor Parkway, Hauppauge, New York 11788.

2.      Upon information and belief, defendant Interstate Roofing Services, Inc. ("Interstate") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 3 Joy Place, Ronkonkoma, New York 11779, engaged in the construction business.

## JURISDICTION

3.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185 and other supplemental jurisdiction.  Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Benefit Funds are administered in this district.

## BACKGROUND

4.      The Benefit Funds provide welfare, pension and annuity benefits to members of the United Union of Roofers, Waterproofers and Allied Workers Local 154 ("Local 154").

5.      Upon information and belief, Interstate entered into a collective bargaining agreement (the "Agreement") with Local 154 obligating Interstate to pay benefit contributions to the Benefit Funds according to rate schedules set forth in the Agreement for all roofing work performed by Interstate's employees.

6.      Article VI, Section 12 of the Agreement provides that the terms of the Agreement shall be binding upon all subcontractors to whom an employer may have sublet all or part of any contract entered into by the employer.  Article VI, Section 12 further provides that an employer is responsible for any failure of its subcontractor(s) to make payment of benefit contributions pursuant to the Agreement.

-2-

7.     Interstate has reported to the Funds that contributions in the amount of $7,904.11 are due and owing to the Funds for roofing work performed during the period August 2004 through May 2005, but has not paid any part of that sum.

8.     The Trustees have demanded payment of the unpaid benefit contributions and interest.

## FIRST CLAIM FOR RELIEF

9.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 8 hereof.

10.     Pursuant to the Agreement, and as a result of roofing work performed by members of Local 154, there is due and owing to the Benefit Funds benefit contributions in the amount of $7,904.11 for work performed during the period August 2004 through May 2005.

11.     No part of said sum has been paid by Defendant although duly demanded, and by reason thereof the Benefit Funds have been damaged in said amount.

12.     Pursuant to Article XII, Section 5(a) of the Agreement, if an employer fails to pay benefit contributions when due, the employer is liable to the Benefit Funds for interest on the amount of unpaid benefit contributions at an annual rate of 10%.

13.     Pursuant to Article XII, Section 5(b) of the Agreement, in the event the Trustees are required to employ an attorney to collect the benefit contributions due and owing, Interstate is obligated to pay to the Benefit Funds its attorneys' fees.

14.     Pursuant to Article XII, Section 5(c) of the Agreement, if an employer fails to pay benefit contributions when due, the employer is liable to the Benefit Funds

for liquidated damages in the amount of 10% of the amount adjudged to be due and owing.

15.     By reason of the foregoing, Interstate is liable to the Trustees in the amount of $7,904.11 for work performed during the period August 2004 through May 2005, interest on the amount of unpaid benefit contributions at an annual rate of 10%, liquidated damages in the amount of 10% of the amount adjudged to be due and owing and attorneys' fees.

## SECOND CLAIM FOR RELIEF

16.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 15 hereof.

17.     Section 515 of ERISA requires employers to make contributions to a multiemployer plan under the terms of a collective bargaining agreement.   29 U.S.C. § 1145.

18.     Each of the Benefit Funds is a "multiemployer plan" as that term is used in Section 515 of ERISA.

19.     Interstate is an "employer" as that term is used in Section 515 of ERISA.

20.     Interstate has failed to pay benefit contributions to the Benefit Funds pursuant to the Agreement in the amount of $7,904.11 for work performed during the period August 2004 through May 2005, in violation of Section 515 of ERISA.

21.     Section 502(g) of ERISA provides that upon a finding of an employer violation of Section 515 of ERISA, the Court shall award to the plaintiff the unpaid benefit contributions, interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs and disbursements incurred in the action.

22.     By reason of the foregoing, Interstate is liable to the Benefit Funds in the amount of $7,904.11 for work performed during the period August 2004 through May 2005, and for additional amounts to be determined by the Court for statutory damages, reasonable attorneys' fees, interest on the unpaid principal, and costs and disbursements incurred in this action.

WHEREFORE, plaintiffs demand judgment:

(1)     on their First Claim for Relief against Interstate, in the amount of $7,904.11 for work performed during the period August 2004 through May 2005, interest on the unpaid benefit contributions at an annual rate of 10%, liquidated damages in the amount of 10% of the amount adjudged to be due and owing and attorneys' fees;

(2)     on their Second Claim for Relief against Interstate in the amount of $7,904.11 for work performed during the period August 2004 through May 2005, interest on the unpaid benefit contributions, statutory damages, attorneys' fees and costs and disbursements of this action pursuant to 29 U.S.C. § 1132(g); and

(3)     granting such other and further relief as the Court may deem just and proper.



Dated: New York, New York
      September 21, 2005

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC


By: _____
      Charles R. Virginia (CV 8214)

Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080
Attorneys for Plaintiffs